**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NEIDA ROSA PARRA MOLINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0456-HE |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Nedia Rosa Parra Molina seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of her detention by United States Immigration and Customs Enforcement (ICE). According to the habeas petition, Ms. Molina is a native and citizen of Venezuela who entered the United States without inspection on or about August 1, 2023. Thereafter, she married a U.S. citizen, Andrew George Phelps, and on February 3, 2026, he filed an I-130, Petition for Alien Relative, on her behalf. When petitioner appeared at a check-in appointment at the Oklahoma City ICE Field Office on March 10, 2026, ICE arrested and detained her pursuant to 8 U.S.C. § 1225(b)(2)(A). The petition indicates that at the time of its filing, petitioner was still detained at the field office.

In her petition, petitioner claims her detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act, certain federal regulations, the retroactivity doctrine, and the Fifth Amendment due process clause. She also claims her arrest without a warrant and subsequent detention violated the Fourth Amendment. Petitioner requests, as part of her

relief, release from custody, or alternatively, a bond hearing pursuant § 1226(a). As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply. The matter is at issue.

Initially, respondents assert the court should transfer the habeas petition or dismiss it if petitioner was not confined within this district at the time of the filing of the petition. Respondents state that petitioner left Oklahoma City at approximately 3:57 p.m. on March 10, 2026, and was booked into the Bluebonnet Detention Facility at Anson, Texas at approximately 8:30 p.m. According to respondents, if the petition was filed after approximately 6:00 p.m., she would not have been confined in this district, and the court would not have jurisdiction to grant habeas relief.

When a § 2241 habeas petitioner seeks to challenge her present physical custody within the United States, she must file the petition in the district of confinement and name her immediate custodian as respondent. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). Upon review, the court concludes that petitioner was confined in this district when the habeas petition was filed.

The court may take judicial notice of its own records. St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). According to those records, the habeas petition was filed at 4:40 p.m. on March 10, 2026, and an email was sent to petitioner's counsel confirming that filing shortly thereafter. Petitioner's counsel has also submitted a copy of the same email. Consequently, when the habeas petition was filed, this district was still the district of petitioner's confinement. Therefore,

2

the court need not decide whether to transfer or dismiss the habeas petition.  The court has jurisdiction to address the habeas petition.

Turning to the merits, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, and that this case may be decided in similar fashion.  Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit Courts of Appeals in Avila v. Bondi, No. 25-3248, ___ F.4th ___, 2026 WL 819258, at **3-6 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Seventh Circuit

---

[1] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).

Because § 1226(a) governs petitioner's detention, the court concludes that she is entitled to an individualized bond hearing. The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release her if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if she has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order. The motion for temporary restraining order and/or preliminary injunction [Doc. #4] is **STRICKEN as MOOT**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] The court declines to decide the merits of petitioner's other claims alleged in the habeas petition (Counts II-V) in light of its ruling that § 1226(a) governs petitioner's detention.

4